**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:15-cv-00809-JHM**

**LESLIE LEAVELL**                                                                  **PLAINTIFF**

**V.**

**CABELA'S WHOLESALE, INC.**                              **DEFENDANT**
**d/b/a CABELA'S**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand [DN 7]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Remand is **GRANTED**.

**I. BACKGROUND**

On September 29, 2015, Plaintiff filed this action in Jefferson Circuit Court alleging violations of the Kentucky Civil Rights Act (hereinafter "KCRA") arising out of Plaintiff's disability status, Defendant's alleged failure to accommodate Plaintiff's disabilities, and alleged adverse employment action taken by Defendant. (Pl.'s Compl. [DN 1-2] ¶ 1.) Plaintiff is and, for all times relevant herein, was employed by Defendant as an In-Store Space Planner at Cabela's Store No. 44. (Id. ¶ 8.) Plaintiff suffers from retinoschisis, patellofemoral cartilage chondromalacia, and lymphoma; and, because of these conditions, she requires certain accommodations in order to fully perform her duties. (Id. ¶¶ 10–15.) Despite her persistent requests, Plaintiff alleges that Defendant discriminated against her and did not provide her with proper accommodations in violation of the KCRA. (Id. ¶¶ 10–15, 19.) Plaintiff additionally asserts that she "has suffered and continues to suffer humiliation, embarrassment, and emotional distress as a result of [Defendant's] discrimination." (Id. ¶ 18.) Therefore, she seeks compensatory and consequential damages, along with an award of attorneys' fees. (Id. ¶ 20.)

On October 28, 2015, Defendant filed a Notice of Removal with this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). (Def.'s Notice Removal [DN 1] ¶¶ 1–7.) Defendant claimed in its Notice that the amount in controversy exceeds $75,000, basing this assertion on several recent awards in similar actions that have far exceeded that threshold amount. (Id. ¶¶ 8–12.) On November 9, 2015, Plaintiff then filed her Motion to Remand stating that the amount in controversy does not exceed $75,000, along with a sworn Affidavit that she "will neither seek nor accept damages in excess of $75,000.00 for all compensatory damages, punitive damages, and attorneys' fees, exclusive of interest and costs." (Pl.'s Aff. [DN 7-1] ¶ 2.) Defendant responded on November 30, 2015 and stated that it had no objections to the Motion to Remand "[i]f the Court finds Plaintiff's Stipulation to be valid and enforceable." (Def.'s Resp. [DN 9] at 1.)

## II. STANDARD OF REVIEW

Removal from state to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Defendant removed this action pursuant to 28 U.S.C. § 1441, claiming that this Court has diversity jurisdiction over the action under 28 U.S.C. § 1332. Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1).

## III. DISCUSSION

It is undisputed that these parties are diverse and that Plaintiff has stipulated that the amount in controversy in this action does not exceed $75,000. Therefore, the principal issue here

is whether or not this Stipulation is sufficient for the Court to remand Plaintiff's action to Jefferson Circuit Court.

Courts within the Sixth Circuit have "noted on several recent occasions that postremoval stipulations reducing the amount in controversy below the jurisdictional threshold are generally disfavored because" if plaintiffs "were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." Gatlin v. Shoe Show, Inc., No. 3:14-CV-00446-TBR, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (citations omitted); see Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000); Agri-Power, Inc. v. Majestic JC, LLC, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013); Proctor v. Swifty Oil Co., No. 3:12-CV-00490-TBR, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012). The Sixth Circuit has advised that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." Rogers, 230 F.3d at 872. "However, where a state prevents a plaintiff from pleading a specific amount of damages," as Kentucky does, "and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a clarification of the amount in controversy rather than a reduction of such." Agri-Power, 2013 WL 3280244, at *3 (citing Proctor, 2012 WL 4593409, at *3). Therefore, a plaintiff may submit a stipulation that will destroy the amount in controversy requirement for the purposes of diversity jurisdiction under 28 U.S.C. § 1332. Id.

When a plaintiff chooses to submit a stipulation as to the amount in controversy, the stipulation must be unequivocal in order to "limit the amount of recoverable damages and warrant remand." Egan v. Premier Scales & Sys., 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002); see Agri-Power, 2013 WL 3280244, at *3; Proctor, 2012 WL 4593409, at *3. This district "has

3

recognized that a plaintiff may stipulate that it *neither seeks*, *nor will accept*, damages in an amount greater than $75,000, and that such a stipulation will" be sufficiently unequivocal to destroy diversity jurisdiction. Agri-Power, 2013 WL 3280244, at *3 (emphasis added).

Here, Plaintiff uses language nearly identical to that found in the aforementioned cases, as she states that she "will neither seek nor accept damages in excess of $75,000.00 for all compensatory damages, punitive damages, and attorneys' fees, exclusive of interests and costs." (Pl.'s Aff. [DN 7-1] ¶ 2.) Under diversity jurisdiction, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff here clearly limits the recovery she seeks to an amount below the threshold requirement spelled out by the statute, as she seeks less than $75,000, exclusive of interest and costs. See Lovelace v. Stonebridge Life Ins. Co., No. 1:13-CV-000138-TBR, 2013 WL 5966729, at *1 (W.D. Ky. Nov. 8, 2013) (finding unequivocal plaintiff's stipulation that "she will neither seek nor accept damages in this action in excess of $75,000 for all compensatory damages, punitive damages, [attorneys'] fees, exclusive of interest and costs"); see also Jenkins v. Douglas, No. CIV. 15-76-GFVT, 2015 WL 3973080, at *2 (E.D. Ky. June 30, 2015) (finding plaintiff's admission that he will not claim damages of "$75,000 exclusive of interests and costs" enough to be considered a binding stipulation for the purposes of remand); Rosenstein v. Lowe's Home Centers, Inc., No. CIV.A. 06-CV-415-KKC, 2007 WL 98595, at *1 (E.D. Ky. Jan. 9, 2007) (finding sufficient plaintiffs' affidavit that stated they "have never sought, and will not accept, either individually or collectively, more than $75,000 (exclusive of interest or costs)). Therefore, the language in Plaintiff's Affidavit is sufficiently unequivocal for the purposes of this Motion to Remand.

4

And, although Plaintiff's actual damages may be proven in an amount exceeding $75,000, the Kentucky state court will be forced to rely on this Stipulation to prevent the award of damages from exceeding the stipulated maximum amount of $75,000. The U.S. Supreme Court has recently ruled that stipulations such as the one here are "binding and conclusive . . . and the facts stated are not subject to subsequent variation." Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez, 561 U.S. 661, 676 (2010) (quoting 83 C.J.S. Stipulations § 93 (2000)). "Thus, '[s]tipulations must be binding' because they amount to an 'express waiver made . . . by the party or his attorney conceding for purposes of the trial the truth of some alleged fact.'" Agri-Power, 2013 WL 3280244, at *4 (citing Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1348 (2013)). Here, Plaintiff takes great pains to notify the Court that she believes that her Stipulation is both unequivocal and binding, stating:

> 3. The trial court in this case is entitled to rely on this Affidavit and Binding Stipulation to prevent any award of damages exceeding the amount stipulated in Paragraph 2 [$75,000].
> 4. I understand that this Affidavit and Binding Stipulation is binding and conclusive and that the facts and representations stated herein are not subject to subsequent variation.
> 5. I further understand that this Affidavit and Binding Stipulation constitutes a waiver of any rights I may have to seek and/or accept damages in excess of the amount state in Paragraph 2 [$75,000].

(Pl.'s Aff. [DN 7-1] ¶¶ 3–5.) Taking these statements together, Plaintiff effectively stipulates that she neither seeks nor will accept damages in excess of the jurisdictional amount, and she intends for this limitation to be binding and conclusive on all future proceedings. Despite the fact that "a party may, for whatever reason, seek to use the stipulation mechanism as a tactic to avoid federal diversity jurisdiction," here, the Court is convinced that Plaintiff will be constrained to recovering an amount no greater than $75,000 in accordance with her express Stipulation. Id.

Therefore, the Court finds Plaintiff's Stipulation to be valid and enforceable, and, citing no objections from Defendant, this action will be remanded to Jefferson Circuit Court.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

December 15, 2015

cc: counsel of record
    Jefferson Circuit Court Clerk